## PARAMOUNT TEXTILE MACHINERY CO. v. IPSWICH MILLS.

(Circuit Court of Appeals, First Circuit. July 7, 1925.)

No. 1809.

Patents ⊗⟷328—Patent No. 1,207,494, claim 38, covering device for drying and shaping stockings, if valid, held not infringed.

Patent No. 1,207,494, claim 38, covering device for drying and shaping stockings, if valid, *held* not infringed.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by the Paramount Textile Machinery Company against the Ipswich Mills. Decree for defendant, and plaintiff appeals. Affirmed.

Edmund H. Parry, of Washington, D. C. (Alfred H. Hildreth, of Boston, Mass., on the brief), for appellant.

Frank S. Busser, of Philadelphia, Pa. (Henry N. Paul, of Philadelphia, Pa., and Odin Roberts and Roberts, Roberts & Cushman, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In this patent infringement case the defendant prevailed in the court below. The patent, No. 1,207,494, issued on December 5, 1916, on an application filed May 2, 1913, covers an apparatus for drying and shaping stockings. Stockings are first knit, then bleached and dyed, then put into a "whizzer," which takes out a large percentage of the water. The

next stage, formerly, was to stretch them upon a board, foot and leg shaped; thence they were put into a drier; when dried, they were pressed, and then packed for shipment.

Many years ago the drying and shaping art was improved by the adoption of hollow metal forms, internally steam heated. The development of this part of the art is carefully and elaborately stated in Paramount Hosiery Form Drying Co. v. Moorhead K. Co. (D. C.) 251 F. 897, and, affirming this decision on appeal, in 260 F. 841, 171 C. C. A. 567. It would not be useful here to repeat what has been so adequately said by other courts. It is enough now to note that the art as now practiced is all, or substantially all, old. No room is disclosed by this record for pioneer invention.

The present patent contains 45 claims. This suit involves only one of them, claim 38, which is as follows:

"38. A metallic form for drying and simultaneously shaping hosiery, having its sides roughened to engage the fabric of a stocking and thereby hold it from slipping on the form, being relatively thin in cross-section, and having sides which converge to present reduced crease-producing edge portions; the form being hollow, to contain a heating medium adapted to heat it from within.

The record shows that, during the process of drying, stockings shrink longitudinally, and that it is desirable to hold them stretched longitudinally on the drying form.

Reading claim 38 with the specification and drawings, we find, as did the court below, that on the plaintiff's patent two devices for preventing such longitudinal slipping are shown—one a spring clip, and the other a ratchet wheel. Nowhere in the drawings or specification is there any suggestion of roughening the sides of the form to prevent such longitudinal slipping.

It is true that in a part of the specification which deals with the desirability of rapid drying, and therefore suggests grooving longitudinally the sides of the form, and then supplying hot air, on the theory that its passage along the channels and thence through the web of the fabric will speed the drying process, the patent does say: "The grooving or channeling of the exterior surface of the form * * * also serves to provide a roughened surface which aids in preventing the stocking from slipping or twisting thereon." But it is obvious that the slipping here referred to is a transverse, and not a longitudinal, slipping. Moreover, it is not contended that longitudinal grooving would prevent longitudinal slipping. There is evidence that it would facilitate it. We therefore agree with the court below that sides, roughened or left rough in the process of manufacture, as a means of preventing longitudinal slipping, are not disclosed in the patent.

Turning, now, to the alleged infringing devices, the foot and lower part of the legs of these forms are polished smooth like glass. The upper parts are slightly roughened, either by leaving them unfinished, or by roughening, transversely, after manufacture. Probably this rough or roughened surface has some slight effect in preventing longitudinal slipping. It is at least doubtful whether it is completely effective, for there is evidence that stockings dried on these forms shrink half an inch or more in length.

Assuming, but without deciding, that the patent is valid, it is clear that the court below was right in finding no infringement.

We find nothing else in the assignments of error calling for comment.

The decree of the District Court is affirmed, with costs to the appellee.